UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

LORENZO PEARSON,

        Plaintiff,                   Case No. 1:24-cv-807

v.                                      Honorable Paul L. Maloney

SADIE MASSIE,

        Defendant.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

**I.      Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan.[1] The events about which he complains, however, occurred at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. Plaintiff sues Nurse Sadie Massie in her individual and official capacities.

Plaintiff alleges that on August 30, 2023, he was scheduled to be injected with Risperidone[2] but Defendant gave him a Sublocade[3] injection instead. Defendant noticed after the injection and contacted a medical provider. Plaintiff was evaluated later that day and reported some nausea and vomiting. Defendant contacted the medical provider and Plaintiff was prescribed Zofran.[4] (Compl., ECF No. 1, PageID.3.)

On September 1, 2023, Plaintiff reported continued nausea and vomiting, and the medical provider renewed the prescription for Zofran. (*Id.*) On September 5, 2023, Plaintiff kited that his balance was off and that he was stumbling and falling because of dizziness. Plaintiff was also continuing to experience nausea and vomiting. Plaintiff was evaluated by the medical provider and no objective findings were made regarding his continued symptoms. Plaintiff was continued on the Zofran. (*Id.*)

---

[1] MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile. aspx?mdocNumber=571012 (last visited Aug. 19, 2024).

[2] Risperidone is an antipsychotic medicine that is used to treat schizophrenia and bipolar disorder. *See* https://www.drugs.com/risperidone.html.

[3] Sublocade is indicated for the treatment of moderate to severe opioid use disorder. *See* https://www.drugs.com/search.php?searchterm=Sublocade&a=1.

[4] Zofran is indicated for the prevention of nausea and vomiting. *See* https://www.drugs.com/ search.php?searchterm=Zofran&a=1.

Plaintiff claims that Defendant violated his Eighth Amendment rights when she gave him the wrong medication because she had "actual knowledge" that Plaintiff was prescribed Risperidone and not Sublocade. (*Id.*) Plaintiff seeks damages. (*Id.*, PageID.5.)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

3

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff asserts that Defendant violated the Eighth Amendment when she gave him Sublocade instead of Risperidone. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

Deliberate indifference may be manifested by a doctor's failure to respond to the medical needs of a prisoner, or by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 104–05.

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v.*

4

*Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g.*, *Rouster v. Saginaw Cnty.*, 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious). If the plaintiff's claim, however, is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment," *Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted), *abrogation on other grounds recognized by Lawler as next friend of Lawler v. Hardiman Cnty., Tenn.*, 93 F.4th 919 (6th Cir. 2024).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a]

5

plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842)).

In this case, Plaintiff states that after Defendant administered the Sublocade, she noticed that Plaintiff had received the wrong medication and contacted the medical provider. (ECF No. 1, PageID.3.) Plaintiff was subsequently evaluated by the medical provider. Plaintiff experienced nausea and vomiting, as well as dizziness as a result of the Sublocade, which prompted the medical provider to prescribe Zofran. Plaintiff alleges that his condition was monitored in the days following the incident. (*Id.*) Although Plaintiff alleges in a conclusory manner that Defendant Massie "had 'actual knowledge' that Plaintiff's medication was not 'Sublocade" but instead 'Risperidone,'" Plaintiff fails to allege any *facts* to suggest that Defendant Massie knew she was giving Plaintiff the wrong medication when she gave him the injection. (ECF No. 1, PageID.3.) Indeed, nothing in Plaintiff's recitation of the facts supports a finding that Defendant's administration of the wrong medication was anything but an inadvertent error, which she immediately reported to the medical provider so that measures could be taken to protect Plaintiff's health. Such facts do not support a finding of deliberate indifference. The fact that Defendant knew Plaintiff was on Risperidone and realized her mistake does not show that she acted with deliberate indifference.

In a similar case in the United States District Court for the Eastern District of Michigan, the court addressed a situation where the defendant had mistakenly given the plaintiff the wrong medication on one occasion. *Moore v. Maly*, No. 4:18-CV-13845, 2023 WL 6547211, at *5 (E.D. Mich. Mar. 8, 2023), *report and recommendation adopted sub nom. Moore v. Corizon Health Inc.*,

6

No. 18-CV-13845, 2023 WL 5955182 (E.D. Mich. Sept. 13, 2023), *appeal dismissed,* No. 23-1926, 2024 WL 1636587 (6th Cir. Apr. 2, 2024).

In *Moore*, the court found that such conduct amounts to no more than negligence, which is not actionable under the Eighth Amendment. *Id*. The court noted:

> Cases from this circuit and district support this conclusion. For example, in *Comstock* [*v. McCrary*], 273 F.3d [693] at 703 [(6th Cir. 2002)], the Sixth Circuit held that "[t]he requirement that the official have subjectively perceived a risk of harm and then disregarded it is meant to prevent the constitutionalizing of medical malpractice claims; thus, a plaintiff alleging deliberate indifference must show more than negligence or the misdiagnosis of an ailment." Additionally, in *Barnett v. Luttrell*, 414 F. App'x 784 (6th Cir. 2011), the defendant nurse mistakenly gave the plaintiff Dilantin, an anti-seizure medication, instead of the ibuprofen that he was supposed to receive. Despite the error, the Sixth Circuit rejected Barnett's deliberate indifference claim, explaining: "Barnett alleges no facts suggesting that [the defendant's] incorrect administration of Dilantin was anything other than negligent. It thus constituted medical malpractice at most and cannot constitute an Eighth-Amendment violation." *Id.* at 788. Finally, in *Horn v. Tuscola Cnty.*, No. 13-cv-14626, 2017 WL 1130095 (E.D. Mich. Mar. 27, 2017), the plaintiff was given Ambien and Seroquel, two sleep medications, that were not prescribed for him. The defendant then took steps to respond to the error by consulting the treating physician. Rejecting the deliberate indifference claim, the district court held, "[a]t most, giving plaintiff the incorrect medication amounts to negligence. And without more than negligence, 'incorrect administration of [medication]' cannot satisfy the subjective standard for an Eighth Amendment claim." *Id.* at *2 (quoting *Barnett*, 414 F. App'x at 788).

*Id.*

The Court does not minimize Plaintiff's experience; however, for the reasons stated by the court in *Moore v. Maly*, Plaintiff's complaint fails to state an Eighth Amendment claim against the named Defendant. In reaching this conclusion, the Court recognizes that injecting medicine differs from providing medicine in pill form. Nevertheless, the facts alleged by Plaintiff in the complaint suggest, at most, that Defendant Massie was negligent when she injected Plaintiff with the wrong medication, which is insufficient to state an Eighth Amendment claim. *See Farmer*, 511 U.S. at 835 (holding that an Eighth Amendment violation requires a "state of mind more blameworthy than negligence").

In addition, to the extent that Plaintiff seeks to assert a state law claim against Defendant, the Court notes that claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983.

Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, any intended state-law claims will be dismissed without prejudice.

### **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma pauperis, e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated: August 21, 2024    /s/ Paul L. Maloney
　　　　　　　　　　　　　　Paul L. Maloney
　　　　　　　　　　　　　　United States District Judge